UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOOK BRANDS LLC and MARIETTA CROSSING LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2371-B |
| ZURICH AMERICAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Look Brands LLC ("Look Brands")'s and Marietta Crossing LLC ("Marietta Crossing")'s Motion to Remand (Doc. 15) and Defendant Zurich American Insurance Company ("Zurich")'s Motion to Transfer Venue (Doc. 6). Because the Court lacks subject-matter jurisdiction over this dispute, the Court **GRANTS** Plaintiffs' Motion to Remand and **REMANDS** this case to the 193rd Judicial District Court of Dallas County, Texas. The Court **DENIES as moot** Zurich's Motion to Transfer Venue.

### I.

### BACKGROUND

This case arose out of an insurance policy coverage dispute. Zurich issued an insurance policy to Look Brands and Marietta Crossing. Doc. 1-6, Pet., ¶ 11. Look Brands is listed as the first "Named Insured" under the insurance policy. Doc. 17, Pls.' App'x, 41. The policy further provides that "[t]he first Named Insured . . . will be the payee for any payment of claims that [Zurich] may make." *Id.* at 69.

Plaintiffs allege the insurance policy covered a property located in Georgia. Doc. 1-6, Pet., ¶ 14. The parties agree that Marietta Crossings owned this property. *See* Doc. 16, Br. Mot. Remand, 13. Plaintiffs allege that this property was damaged and that they incurred losses which are covered by the insurance policy issued by Zurich. Doc. 1-6, Pet., ¶¶ 14, 17. Zurich has allegedly failed to pay Plaintiffs for their damages. *Id.* ¶¶ 18–19. Plaintiffs sued Zurich in state court seeking to recover under this policy. *See generally id.* Zurich subsequently removed this case to federal court, arguing that it falls within the Court's diversity jurisdiction. Doc. 1, Notice Removal, 2.

Look Brands is a limited liability company with one member—Look Concepts, LLC ("Look Concepts"). Doc. 1-6, Pet., ¶ 5. Look Concepts, in turn, has several members, one of which is MGG SPV XVII LLC ("MGG"). Doc. 17, Pls.' App'x, 2. One of MGG's members is Dale Stohr, a man who resides in New York. *Id.* Zurich is a company incorporated under the laws of New York with its principal place of business in Illinois. Doc. 1-6, Pet., ¶ 7.

Shortly after removal, Zurich moved to transfer this case to the Northern District of Georgia, arguing that the Northern District of Georgia is a "more sensible and convenient forum for this Georgia-centric dispute." Doc. 6, Mot. Transfer. Plaintiffs subsequently filed a Motion to Remand, arguing that the Court lacks subject-matter jurisdiction over this lawsuit. Doc. 15, Mot. Remand. The Court considers the Motions below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted). Because the burden falls on a defendant to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Federal district courts possess diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted). This diversity "must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

## III.

## ANALYSIS

The Court concludes that it lacks subject-matter jurisdiction over this dispute because complete diversity does not exist. While Zurich argues that Look Brands was improperly joined to this lawsuit, the Court declines to extend the improper joinder doctrine to cases involving the joinder of non-diverse plaintiffs. Lastly, the Court concludes that Look Brands is a real party in interest as it is a party to the contract governing this insurance dispute.

A.   *Complete Diversity is Lacking.*

As a preliminary matter, Look Brands' presence in this lawsuit as a plaintiff destroys complete

diversity. "[T]he citizenship of a [limited liability company] is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citations omitted). In contrast, "a corporation [is] a citizen of every State . . . in which it is incorporated and the State . . . where it has its principal place of business [for purposes of diversity jurisdiction]." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

Look Brands is an LLC with only member—Look Concepts. Doc. 1-6, Pet., ¶ 5. One of Look Concepts' members is MGG. Doc. 17, Pls.' App'x, 2. One of MGG's members is Dale Stohr, who is a citizen of New York because he is domiciled in the state. *Id.*; *see MidCap Media Fin.*, 929 F.3d at 313. Stohr being a New York citizen means that MGG, Look Concepts, and Look Brands are all citizens of New York for the purposes of diversity jurisdiction. *See Harvey*, 542 F.3d at 1080. Zurich is a New York corporation with its principal place of business in Illinois. Doc. 1-6, Pet., ¶ 7. Thus, it is a citizen of New York and Illinois for diversity jurisdiction purposes. *See Vantage Drilling*, 741 F.3d at 537. Because Look Brands and Zurich are both citizens of New York, the Court lacks subject-matter jurisdiction over this case unless Zurich can establish an exception to the complete diversity requirement.

B.    *The Improper Joinder Doctrine Does Not Apply to the Joinder of Non-Diverse Plaintiffs.*

Zurich argues that Look Brands' citizenship should be disregarded because it was improperly joined to this lawsuit as a plaintiff. Doc. 33, Resp., 3. After receiving thorough supplemental briefing from the parties, the Court concludes that the improper joinder doctrine does not apply to the joinder of plaintiffs whose presence in the lawsuit destroys complete diversity.

The Fifth Circuit has endorsed two forms of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action *against the non-diverse party* in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citation omitted) (emphasis added). Zurich contends that Look Brands, the diversity-destroying plaintiff, cannot establish a cause of action against Zurich in state court. Doc. 33, Resp., 3. However, the Fifth Circuit has never held that the improper joinder doctrine applies in cases involving the joinder of a non-diverse *plaintiff* who cannot establish a cause of action against the defendant. *Cf. Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (citation omitted)).

Even with this absence of binding authority, most district courts, including nearly every district court within the Fifth Circuit, have applied the improper joinder doctrine in cases "where a defendant claims that a plaintiff has been [improperly] joined." *See, e.g., Elk Corp. of Texas v. Valmet Sandy-Hill, Inc.*, No. CIV.A. 3:99-CV-2298G, 2000 WL 303637, at *2 (N.D. Tex. Mar. 22, 2000) (Fish, J.). On the other hand, numerous other district courts around the country have refused to extend the improper joinder doctrine in such cases. *See, e.g., Breland Homes, LLC v. Wrigley*, 5:18-cv-1350-CLS, 2019 WL 1466239, *9–10 (N.D. Ala. April 3, 2019); *see Reeves v. Pfizer, Inc.*, 880 F. Supp. 2d 926, 929 (S.D. Ill. 2012).

One of the first courts within the Fifth Circuit to endorse Zurich's proposed use of the improper joinder doctrine was *Nelson v. St. Paul Fire & Marine Insurance Company*, 897 F. Supp. 328 (S.D. Tex. 1995). There, the court simply held that "a federal district court ought to inquire into

improper . . . joinder of plaintiffs as well as improper . . . joinder of defendants where the motive is to defeat federal jurisdiction." *Id.* at 331 (citation omitted). Relying on *Nelson*, other courts within this Circuit have since concluded that improper joinder should apply to the joinder of non-diverse plaintiffs for similar reasons. *See, e.g., Clear Channel Commc'ns, Inc. v. Citigroup Glob. Markets, Inc.*, 541 F. Supp. 2d 874, 877 (W.D. Tex. 2008) ("The cases in the Fifth Circuit involving [improper] joinder of a non-diverse plaintiff are sparse and do not provide the best guidance. Nevertheless, other courts have treaded these waters, and the Court has found no controlling case law that would preclude it from doing so here." (citations omitted)). However, a court exercising jurisdiction over a case simply because there is no authority expressly preventing the court from doing so is inconsistent with the principle that federal courts "must presume that a suit lies outside [a federal court's] limited jurisdiction." *See Settlement Funding*, 851 F.3d at 537.

The Court concludes that improper joinder does not apply to the joinder of plaintiffs whose presence destroys diversity. The Court frames its analysis with two guiding principles. First, federal courts are courts of "limited jurisdiction," meaning that the Court must not expand the scope of federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relatedly, the improper joinder doctrine developed from the text of the removal statute, and the removal statute only discusses circumstances where the joinder of *defendants* affects whether a case can be removed on the basis of diversity jurisdiction. *See Smallwood*, 385 F.3d at 573; 28 U.S.C. § 1441(b). Second, district courts should construe the removal statute "strictly" and "any doubt about the propriety of removal *must* be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82 (emphasis added). After considering these principles, the Court concludes that it lacks jurisdiction over this case.

First, federal courts must not expand federal jurisdiction beyond what has been "authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377. Diversity jurisdiction ordinarily requires complete diversity amongst the parties. 28 U.S.C. § 1332(a). One exception to § 1332(a)'s complete diversity requirement is the improper joinder doctrine. *See McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). However, the improper joinder doctrine is a "narrow exception" to the complete diversity requirement and the Fifth Circuit has only applied it in cases where a plaintiff joins a non-diverse, or in-state, defendant. *See id.*; *see also Smallwood*, 385 F.3d at 573 ("[T]he purpose of the improper joinder inquiry is to determine whether or not the in-state *defendant* was properly joined." (emphasis added)). Here, Zurich wants the Court to extend the improper joinder doctrine to the joinder of non-diverse plaintiffs. The Court declines to extend the doctrine in this manner.

In *Smallwood*, the Fifth Circuit explained that improper joinder developed from both the removal statute and the diversity jurisdiction statute. 385 F.3d at 573. However, the removal statute merely provides that courts shall disregard "the citizenship of defendants sued under fictitious names" and that parties cannot remove lawsuits where at least one "properly joined and served . . . defendant[] . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(1)–(2). Thus, § 1441 only addresses circumstances where courts should evaluate the joinder of *defendants* when assessing whether a case is removable on the basis of diversity jurisdiction, which strongly suggests that courts should not extend the improper joinder doctrine to the joinder of non-diverse plaintiffs. *See id.*

Extending the improper joinder doctrine in such a manner would ultimately allow defendants to remove even more cases to federal court where complete diversity did not exist at the time of removal, which would potentially result in an impermissible expansion of diversity

jurisdiction. Improper joinder, when applied in cases where a plaintiff joins non-diverse defendants, does not result in an expansion of federal jurisdiction because the doctrine developed from federal statutes. *See Smallwood*, 385 F.3d at 573. However, the removal statute does not contain any language suggesting that the Court should extend the improper joinder doctrine to the joinder of non-diverse plaintiffs as it only discusses courts evaluating the joinder of defendants. Without any binding authority or any language in the removal statute supporting such an extension of the improper joinder doctrine, the Court refuses to apply improper joinder to the joinder of non-diverse plaintiffs as doing so would expand federal jurisdiction beyond what has been "authorized by Constitution and statute." *See Kokkonen*, 511 U.S. at 377.

Second, the Court concludes that there is doubt about the propriety of Zurich removing this case to federal court. When strictly construing the removal statute, the Court does not see reason to extend an already "narrow exception" to the complete diversity requirement to the joinder of non-diverse plaintiffs. The Fifth Circuit has never endorsed applying improper joinder in this manner and district courts have diverged on doing so, meaning that there is, at the very least, an ambiguity of law regarding whether the Court has jurisdiction over this case. *Cf. Gamble v. Renaissance Grp.*, No. CV 19-10661, 2020 WL 5748340, at *2 n.30 (E.D. La. Sept. 25, 2020) (describing an unsettled procedural question as an ambiguity of law that qualifies as "an independent basis" to remand the case). Thus, there exists substantial doubt about the propriety of Zurich removing this case, which the Court *must* resolve by remanding to state court. *See Gasch*, 491 F.3d at 281–82; *see also Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

In sum, the Court declines to apply the improper joinder doctrine to the joinder of non-

diverse plaintiffs because the Court must avoid expanding federal jurisdiction beyond what Congress has conferred to federal courts, and because the Court must strictly construe the removal statute and resolve any doubt in favor of remand.

C.      *Look Brands is a Real Party in Interest.*

Alternatively, Zurich argues in its supplemental brief that the Court should disregard Look Brands' citizenship because it is not a real party in interest to this dispute. Doc. 40, Supp. Br., 5. Courts only consider the citizenship of the real parties in interest to the lawsuit when assessing diversity jurisdiction. *See UICI v. Gray*, No. 3:01-CV-0921-L, 2002 WL 356753, at *5 (N.D. Tex. Mar. 1, 2002) (Lindsay, J.) (applying the real party in interest standard from Federal Rule of Civil Procedure 17(a) when "determin[ing] whether a plaintiff's citizenship should be considered for the purpose of establishing diversity").

"[T]he citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 460 (1980) (citation omitted). "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461. "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990).

Plaintiffs assert a breach of contract claim against Zurich, alleging Zurich failed to pay the proceeds pursuant to the parties' insurance policy. Doc. 1-6, Pet., ¶¶ 25–32. "An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed." *In re Farmers Texas Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 270 (Tex. 2021)

(citation omitted). Look Brands is a signatory to this insurance policy, and the policy's terms dictate that Zurich will pay claims made under the policy to Look Brands. Doc. 17, Pls.' App'x, 41, 69. Thus, the insurance policy creates a substantive right that Look Brands may seek to enforce in court. *See Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 387 (Tex. App.—Dallas 2012, no pet.) (holding that a plaintiff establishes it has standing to bring a breach of contract claim by proving its privity to the agreement).

Texas law additionally requires that "[a] party must have an insurable interest in the insured property to recover under an insurance policy." *Jones v. Tex. Pac. Indem. Co.*, 853 S.W.2d 791, 794 (Tex. App.–Dallas 1993, no writ). A party has an insurable interest when it "derives pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain pecuniary loss from its destruction." *Id.* (citation omitted). Zurich argues that Look Brands lacks an insurable interest over the property because Look Brands does not have a pecuniary interest in the property. Doc. 33, Resp., 4–7. Therefore, Zurich argues, Look Brands is not a real party in interest to this dispute. Doc. 40, Def.'s Supp. Br., 6–7. The Court disagrees because this argument addresses the merits of Look Brands' breach of contract claim rather than whether Look Brands holds any substantive rights under the parties' contract. *See Farrell Const.*, 896 F.2d at 140.

For example, a plaintiff was not the real party in interest when it had been invalidly assigned the rights to an insurance policy. *See LNY 5003 LLC v. Zurich Am. Ins. Co.*, 558 F. Supp. 3d 416, 424–27 (S.D. Tex. 2021), *aff'd sub nom. LNY 5003, L.L.C. v. Zurich Am. Ins. Co.*, No. 22-20573, 2023 WL 6621677 (5th Cir. Oct. 11, 2023). Because the assignment was invalid, the plaintiff had no contractual privity with the defendant, and the plaintiff was not a real party in interest to the proceedings. *See id.* at 422, 427. Here, in contrast, Look Brands has contractual privity with Zurich,

meaning that Look Brands possesses a substantive right that it may seek to enforce under Texas law. *See Ostrovitz & Gwinn, LLC*, 393 S.W.3d at 387. Therefore, the Court concludes that Look Brands is a real party in interest, and the Court cannot ignore its citizenship when assessing subject-matter jurisdiction.

\* \* \*

In sum, the Court lacks subject-matter jurisdiction over this breach of contract lawsuit. Look Brands and Zurich are both citizens of New York for diversity jurisdiction purposes, which means that complete diversity does not exist. Therefore, the Court must remand this case to state court.

### IV.

### CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand (Doc. 15) and **REMANDS** this case to the 193rd Judicial District Court of Dallas County, Texas. The Court **DENIES as moot** Zurich's Motion to Transfer Venue (Doc. 6).

**SO ORDERED.**

**SIGNED: June 11, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE